JiFOIL, J.
This appeal challenges the dismissal of a suit contesting the applicability of certain subdivision restrictions. We reverse.
DISCUSSION
The facts forming the basis of this appeal are not in dispute, and the case was submitted to the trial court on the record and briefs of counsel. Those facts can be summarized as follows: In March of 1976, the owners of a tract of land containing 17.03 acres located in the Town of Addis had a map prepared subdividing the tract into 15 lots, now known as West Missouri Bend Acres Subdivision. On September 17, 1976, a map of the subdivision was recorded in the conveyance records for the Parish of West Baton Rouge. The subdivision map contained several restrictions, including one limiting the size of any lot to not less than one acre, and one that prohibited the sale of alcoholic beverages on sites designated as commercial. The map was not signed by any of the original property owners, but was signed by the surveyor.
On October 8, 1976, an “Act of Release” was signed by all property owners in the subdivision that waived and released any right to restrict the retail sale of packaged alcoholic beverages on any sites designated as commercial on the subdivision map. The lot involved in this appeal, Lot 15, contains 1.04 acres and is designated as commercial.
Plaintiffs, Allen and Gloria Daniel, purchased Lot 15 some time thereafter. Subsequently, by acts recorded in the conveyance records on July 25, 1979, and March 24, 1982, the owners of lots 1-14 waived their right to enforce the restriction regarding lot size with respect to Lot 15 only, and authorized the resubdivision of Lot 15. However, by act recorded August 26, 1991, the owners of all lots except 3 and 15 revoked the previous act of waiver, which would have allowed for the resubdi-vision of Lot 15 into less than one acre lots.
|4In 1999, plaintiffs filed a map depicting the resubdivision of Lot 15 into three separate lots, each being less than one acre in size, into the conveyance records. Thereafter, they filed this suit against the owners of the other subdivision lots, seeking a declaratory judgment that the subdivision restrictions were invalid building restrictions. They also sought a declaration that the 1991 amendments to the subdivision restrictions were invalid.
The trial judge dismissed the lawsuit, ruling that the subdivision restrictions were valid and the waivers were invalid *1189 insofar as they attempted to lessen the restrictions on the property in the subdivision. This appeal, taken by plaintiffs, followed.
DISCUSSION
In their first assignment of error, plaintiffs insist that the original subdivision restrictions are invalid because they are contained in a map that was not signed by any of the owners of the property subdivided. They suggest that the building restrictions had to be executed by authentic act or by act under private signature. We reject this argument. Louisiana Civil Code article 776 provides that building restrictions may be established by “juridical act” executed by the owner or owners of an immovable. This article requires no particular form. Furthermore, it is established that the restrictions need not appear in the act by which the present owner acquired the property or in his chain of title. It is sufficient that the document establishing the restrictions was filed for registry in some form at the time the original subdivider conveyed the property to the ancestor of the original owner. Blessey v. McHugh, 94-0555, p. 8 (La.App. 1 Cir. 7/27/95), 664 So.2d 115, 120. In this case, the survey map created the building restrictions applicable to the 15 lots depicted thereon. We find that Lot 15 was burdened with the building restrictions identified in the survey map at the time plaintiffs acquired that lot.
| BNext, plaintiffs assert that the waiver of the restriction pertaining to lot size is valid and should have been upheld by the trial judge. In documents filed into the conveyance records, the owners of lots 1-14 did “irrevocably waive any and all rights we, as the record owner of said lots, may have to enforce the restriction prohibiting the size of any lot in this subdivision from being less than a one acre site... to the extent and only to the extent that such restriction would prohibit the resubdivision of Lot 15 of this subdivision, which resub-division is hereby authorized.” Appellees argue that this does not constitute an amendment to the subdivision restrictions, and even if it is an amendment, the amendment is invalid because the unanimous consent of the owners of the subdivision lots was required, and no waiver was signed by the owners of Lot 15.
We disagree, and find that the mere fact the waiver did not contain the signature of plaintiffs as the owners of Lot 15, in whose exclusive benefit the waiver was effectuated, did not render the waiver invalid. First, we reject the claim that unanimous consent was even required in this case. La. Civ.Code art. 776 requires unanimous consent of all of the owners of the affected immovable for the establishment of a building restriction. The jurisprudence provides that a change to an existing building restriction requires unanimous consent of affected landowners only if that change increases or makes the restriction more burdensome. Brier Lake, Inc. v. Jones, 97-2413, p. 11 (La.4/14/98), 710 So.2d 1054, 1059 and cases cited therein. Where an amendment to a building restriction lessens existing building restrictions, mere majority vote of the affected landowners is sufficient. Id. Clearly, the waiver at issue is an amendment to the existing building regulations. It waived the lot size with respect to a single lot and thus amended the existing size restriction for that lot exclusively. Unanimous consent to the amendment was not required.
Secondly, even if we were to conclude that unanimous consent would be required to authorize the resubdivision of Lot 15, we find that it was met |sby the fact that all of the other landowners agreed to waive that restriction exclusively in favor of owners of Lot 15. A different situation would arise if less than all of the landowners had agreed to waive the lot *1190 size restriction for all of the affected landowners. However, because the waiver was done exclusively for the benefit of the owners of Lot 15, the waiver is not rendered invalid simply because the signature of the owner of that lot does not appear on the document.
Having concluded that the waiver was valid, we addi"ess the attempted revocation of the waiver. Because the owners had agreed to authorize resubdivision of Lot 15, their attempt to reinstate a lot size restriction that would prevent the resubdi-vision of Lot 15 constituted an attempt to create a more burdensome restriction on Lot 15. Under Brier Lake, Inc., unanimous consent of all of the subdivision owners was required. As two of the owners did not consent to the reestablishment of the lot size restriction on Lot 15, the attempted revocation was invalid.
CONCLUSION
Based on the foregoing, we hold that the trial judge erred in finding the waiver invalid. Accordingly, we enter judgment declaring that the original building restriction limiting lot size to not less than one acre does not apply to Lot 15 because that restriction was waived by all of the other subdivision landowners.
Accordingly, the judgment appealed from is reversed. All costs of this appeal are assessed to appellees.
REVERSED AND RENDERED.